**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann (SBN 229832)
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

**WINSTON LAW GROUP, P.C.**
David S. Winston (SBN 301667)
david@employmentlitigators.com
1880 Century Park East, Suite 511
Los Angeles, California 90067
Telephone: (424) 288-4568
Facsimile: (424) 532-4062

*Attorneys for Plaintiff, the Putative Class, the LWDA, and the Aggrieved Employees*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGIE TRUJILLO, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>I.J. BAYRAKDARIAN, D.M.D. A PROFESSIONAL CORPORATION, a California Corporation; and DOES 1-10, inclusive,<br><br>        Defendants. | CASE NO:<br>**PLAINTIFF'S CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br>(1) **FAILURE TO PAY OVERTIME WAGES (LABOR CODE § 510);**<br>(2) **FAILURE TO PAY OVERTIME WAGES (FLSA, 29 U.S.C. §§ 207, 2011(c), 216(b));**<br>(3) **FAILURE TO PROVIDE COMPLIANT MEAL PERIODS (LABOR CODE §§ 226.7, 512; IWC WAGE ORDER 4-2001, § 11)**<br>(4) **FAILURE TO PROVIDE COMPLIANT REST PERIODS (LABOR CODE § 226.7; IWC WAGE ORDER 4-2001, § 12)**<br>(5) **FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS (LABOR CODE § 226);**<br>(6) **WAITING TIME PENALTIES (LABOR CODE §§ 201-203);**<br>(7) **FAILURE TO PAY TIMELY WAGES (LABOR CODE §§ 204, 210);**<br>(8) **UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204);**<br>(9) **PAGA AND OTHER PENALTIES (LABOR CODE §§ 2698 – 2699.5).**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Angie Trujillo ("Plaintiff"), on behalf of herself, the State of California, other aggrieved employees, and all others similarly situated, complains and alleges as follows:

**OVERVIEW OF CLAIMS**

1. Plaintiff brings this action on behalf of herself and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), as a collective action, under the Fair Labor Standards Act of 1948 ("FLSA"), 29 U.S.C. § 216(b), and as a representative action pursuant to Labor Code § 2699, *et seq.*, and on behalf of the California general public, against Defendant I.J. Bayrakdarian, D.M.D. A Professional Corporation and DOES 1 to 10 ("Defendants") for (1) failure to pay overtime wages at the proper rate; (2) failure to provide compliant meal periods; (3) failure to provide compliant rest periods; (4) failure to provide complete wage statements to its current and former employees in California within the one year prior to the filing of this Complaint; (5) waiting time penalties; (6) failure to pay timely wages to employees based on the foregoing; (7) unfair business practices based on the foregoing; and (8) PAGA and other penalties based on the foregoing. The collective action claims are for overtime compensation, liquidated damages or interest, and attorneys' fees and under FLSA §§ 207 and 216(b). As a result of the foregoing, Defendants have violated California statutory laws as described below.

2. The "Class Period" is designated as the period from four years prior to the filing of this action through the trial date. The FLSA Collective Action Period is two years prior to the filing of this action through the present and ongoing. The PAGA Period is one year from the sending of Plaintiff's April 29, 2022, PAGA letter to the LWDA (i.e., from April 29, 2021) through the present and on-going. Defendants' violations of California's wage- hour laws and unfair competition laws, as described more fully below, have been ongoing throughout the Class Period and PAGA Period.

**VENUE**

3. Venue as to each Defendant is proper in this judicial district, pursuant to 28 U.S.C section 1391(b)(2) because Defendants operate within California and do business within Fresno County, California, and all or a substantial part of the events or omissions giving rise to the claims

1    at issue occurred within the Eastern District. The unlawful acts alleged herein have a direct effect

2    on Plaintiff and all of Defendants' employees within Fresno County.

**JURISDICTION**

4    4.    This Court has subject matter jurisdiction over Plaintiff's federal claim for unpaid

5    overtime pursuant to the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has

6    supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a),

7    because the state law claims are so related to the federal claims that they form part of the same

8    case or controversy between Plaintiff and Defendants.

**PAGA NOTICES**

10    5.    Plaintiff has duly exhausted her administrative remedies under PAGA and provided

11    notification of her PAGA claims to Defendants and to the Labor and Workforce Development

12    Agency ("LWDA") beginning on April 29, 2022.

**THE PARTIES**

14    6.    Plaintiff is a California resident who worked for Defendants in Fresno, California

15    during the relevant time period, including during 2022.

16    7.    From at least four years from the filing of this complaint through the present, and

17    on-going, Defendants' employees, at various times throughout the Class Period, including

18    Plaintiff during her employment, were not paid all overtime wages owed at the proper rate; were

19    not provided compliant meal and rest periods; were not provided accurate and/or complete wage

20    statements; did not receive all final wages owed; and did not receive timely wages.

21    8.    Plaintiff represents the state of California and the following group of aggrieved

22    employees defined as:

> Plaintiff and all other non-exempt, hourly-paid individuals who are or were employed by
> Defendants in California, and who worked at least one pay period in California from April
> 29, 2021 through the present and ongoing (the "PAGA Period") (hereinafter these workers
> are referred to as "Aggrieved Employees").

26    9.    Plaintiff also seeks to represent a Class defined as:

> Plaintiff and all other non-exempt, hourly-paid individuals who are or were employed by
> Defendants in California, and who worked at least one pay period in California from four
> year prior to the filing of this Complaint through the present and ongoing (hereinafter these

workers are referred to as the "Class" or "Class Members").

10.     The FLSA claim is brought on behalf of Plaintiff and all other similarly situated non-exempt, hourly paid employees who worked more than forty hours in a week and were paid a travel bonus in that same week for the period of time from two years prior to the filing of this case through the present.

11.     Defendant I.J. Bayrakdarian, D.M.D. A Professional Corporation is a California Corporation doing business in Fresno County. Defendant operates orthodontics practices in California's Central Valley.

12.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

13.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff, the Class, and the Aggrieved Employees.

14.     Defendants employed Plaintiff, the Class, the FLSA similarly situated employees, and the Aggrieved Employees as non-exempt, hourly-paid employees in California at various times during the Class Period and PAGA Period. On information and belief, Defendants employed several hundred hourly-paid employees in California during the Class Period.

**FACTUAL ALLEGATIONS**

15.     Defendants operate and, at all times during the Class Period, the FLSA Period, and PAGA Period, have done business in California. Defendants, in the course of operating their

business in California during the Class Period and PAGA Period, employed Plaintiff, the Class, and the Aggrieved Employees as hourly-paid workers.

16.    Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. Further, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a day or more than eight (8) hours on the seventh consecutive day of work. In accordance with Labor Code § 1194, Plaintiff, the Class, and the Aggrieved Employees could not then agree and cannot now agree to work for a lesser wage than the amount proscribed by Labor Code §§ 510 and 1194.

17.    Here, Defendants failed to pay overtime wages at the proper rate because Defendants neglected to include a "travel bonus" that was paid regularly in the regular rate when calculating overtime rates for Plaintiff, the Class, the FLSA similarly situated employees, and the Aggrieved Employees. Specifically, Defendants routinely provide a flat $25 "travel bonus" for employees that was not included in the calculation of Plaintiff, the Class's, the FLSA similarly situated employees', and the Aggrieved Employees' regular rate of pay for purposes of calculating overtime. The "travel bonus" was non-discretionary and part of the regular pay of Plaintiff, the Class, the FLSA similarly situated employees, and the Aggrieved Employees. Therefore, by excluding the "travel bonus" in calculating overtime rates, Defendants violated the FLSA as well as Labor Code § 510 and Section 3(A) of the applicable IWC Wage Order by failing to pay overtime at the proper rate.

18.    California Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order require employers to provide meal periods and to pay an employee one (1) additional hour of pay at the employee's regular rate for each workday that a meal period is not provided. Pursuant to Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order, an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than

thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (Cal. 2012). Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order also require employers to provide a second meal break of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

19.    Here, Plaintiff, the Class, and other Aggrieved Employees were consistently prevented from able to taking compliant meal periods. Defendant's facilities were often understaffed forcing Plaintiff, the Class, and other Aggrieved Employees to not take their meal periods. Additionally, time pressures prevented Plaintiff, the Class, and Aggrieved Employees from taking compliant meal periods and meal periods were often interrupted and/or less than thirty minutes.

20.    Under California law, employees are entitled to ten-minute duty-free rest breaks for each 4 hours of work, or major fraction thereof. See the applicable IWC Wage Order, Section 12 and Labor Code section 226.7. Under Labor Code § 226.7, if an employer maintains a uniform policy that does not authorize and permit the amount of rest time or the proper timing for rest breaks called for under the law (as specified in the applicable Wage Order), "it has violated the wage order and is liable." The *Brinker* Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required—***it has violated the wage order and is liable.***

(*Brinker Rest. Corp. v. Sup. Ct.* (2012) 53 Cal.4th 1004, 1033.) [emphasis added].

21.    Here, Plaintiff, the Class, and the Aggrieved Employees were not provided their

1  timely ten-minute duty-free rest periods. Defendant's facilities were understaffed forcing Plaintiff,

2  the Class, and other Aggrieved Employees to not take their timely rest breaks.

3          22.     As to Plaintiff, the Wage Statement Subclass, the FLSA similarly situated

4  employees, and all Aggrieved Employees, Defendants also failed to provide accurate itemized

5  wage statements in accordance with Labor Code § 226(a).

6          23.     Defendants knowingly and intentionally failed to pay Plaintiff, all Wage Statement

7  Subclass Members, the FLSA similarly situated employees, and all aggrieved employees all

8  overtime wages at the proper rate as well as meal and rest period premiums. Moreover, Plaintiff,

9  all Wage Statement Subclass Members, the FLSA similarly situated employees, and all aggrieved

10  employees also suffered legal "injury" for purposes of Labor Code section 226(e) insofar as they

11  were unable to readily and easily determine the information required to be set forth by Section

12  226(a). Specifically, Plaintiff, all Wage Statement Subclass Members, the FLSA similarly situated

13  employees, and the aggrieved employees were unable to determine the actual and accurate total

14  hours worked by the employees, the gross wages earned, the net wages earned, since overtime

15  wages were often underpaid due to the exclusion of the "bonus" when calculating the regular rate

16  and meal and rest period premiums were not provided for missed and/or non-compliant meal and

17  rest periods.

18          24.     Plaintiff, the Wage Statement Subclass the FLSA similarly situated employees, and

19  the aggrieved employees will prevail on their claim for PAGA penalties under Labor Code §

20  226(a) without having to show injury or willfulness. *See Lopez v. Friant & Assocs., LLC*, 15

21  Cal.App.5th 773, 788 (2017) ("hold[ing] a plaintiff seeking civil penalties under PAGA for a

22  violation of Labor Code section 226(a) does not have to satisfy the 'injury' and 'knowing and

23  intentional' requirements of section 226(e)(1)."); *Raines v. Coastal Pacific Food Distributors, Inc.*,

24  23 Cal.App.5th 667, 679 (2018) (finding that the "requirements for a section 226(e) claim do not

25  apply to a PAGA claim for a violation of section 226(a).").

26          25.     Under Labor Code §§ 201-202, an employer must provide an employee wages at

27  the time or discharge or within up to seventy-two (72) hours of their resignation. Labor Code § 203

28  provides "if an employer willfully fails to pay . . . any wages of an employee who is discharged or

1  who quits, the wages of the employee shall continue as a penalty. . ." for up to 30 days. Lab. Code

2  § 203; *Mamika v. Barca*, (1998) 68 Cal.App.4th 487, 492.

3      26.    As described in detail above and below, Defendants failed to pay Plaintiff, the

4  Class, the FLSA similarly situated employees, and other aggrieved employees whose employment

5  with Defendants have now ended, all wages owed, including but not limited to all overtime wages

6  at the proper rate as well as meal and rest period premiums within the time constraints proscribed

7  in Labor Code §§ 201-202 at the time of their termination/separation. Thus, as result of

8  Defendants' faulty policies described above, Plaintiff, the Class, the FLSA similarly situated

9  employees, and all aggrieved employees ended their employment with Defendants without being

10  compensated for each and every hour worked at the appropriate rate in violation of Labor Code §§

11  201, 202, 203.

12      27.    Labor Code § 204 expressly requires that "[a]ll wages...earned by any person in any

13  employment are due and payable twice during each calendar month, on days designated in advance

14  by the employer as the regular paydays." Pursuant to Labor Code § 204(d), these requirements are

15  "deemed satisfied by the payment of wages for weekly, biweekly or semimonthly payroll if the

16  wages are paid not more than seven calendar days following the close of the payroll period."

17      28.    Due to Defendant's failure to pay all overtime wages due to Plaintiff, the Class, the

18  FLSA similarly situated employees, and all aggrieved employees at the proper rate, as well as meal

19  and rest period premiums for missed and/or non-compliant meal and rest periods Defendants failed

20  to timely pay Plaintiff, the Class, the FLSA similarly situated employees, and all aggrieved

21  employees all wages owed within seven (7) days of the close of the payroll period in accordance

22  with Labor Code § 204(d) on a regular and consistent basis.

23      29.    Pursuant to Labor Code Section 210, as amended,

24  (a) In addition to, and entirely independent and apart from, any other penalty
    provided in this article, every person who fails to pay the wages of each employee as
25  provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5,
    shall be subject to a penalty as follows:
26      (1) For any initial violation, one hundred dollars ($100) for each failure to pay
        each employee.
27      (2) For each subsequent violation, or any willful or intentional violation, two
        hundred dollars ($200) for each failure to pay each employee, plus 25 percent of
28

the amount unlawfully withheld.

(b) The penalty shall either be recovered by the employee as a statutory penalty pursuant to Section 98 or by the Labor Commissioner as a civil penalty through the issuance of a citation or pursuant to Section 98.3. The procedures for issuing, contesting, and enforcing judgments for citations issued by the Labor Commissioner under this section shall be the same as those set forth in subdivisions (b) through (k), inclusive, of Section 1197.1.

(c) An employee is only entitled to either recover the statutory penalty provided for in this section or to enforce a civil penalty as set forth in subdivision (a) of Section 2699, but not both, for the same violation.

30.    Here, Plaintiff seeks to recover all penalties available under Labor Code Section 210 for Defendants' violations of Labor Code Section 204.

31.    The administrative prerequisites of PAGA have been satisfied and Plaintiff has also paid the $75.00 fee and has otherwise satisfied the administrative prerequisites of PAGA.

32.    Plaintiff by this action seeks to recover, on behalf of herself and all other current and former Aggrieved Employees of Defendant, the civil penalties provided by PAGA, as specified in Labor Code § 2699(f). Plaintiff seeks to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court*, 46 Cal. 4th 969 (2009). Class certification of the PAGA claims is not required. *Id*.

## COLLECTIVE ACTION ALLEGATIONS

33.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendants in California are similarly situated to Plaintiff with regard to their wages and claims for unpaid wages and damages, in that they have been denied proper overtime compensation for at least two years prior to the filing of this Complaint. Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. These similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated

1 damages (or, alternatively, interest), and attorneys' fees under the FLSA.

2 ## CLASS ACTION ALLEGATIONS

3 34.     Plaintiff brings this action, on behalf of herself and all others similarly situated, as a

4 class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). Plaintiff seeks to

5 represent a Class composed of and defined as: Plaintiff and all other non-exempt, hourly-paid

6 individuals who are or were employed by Defendants, in California and who worked at least one

7 pay period in California from four year prior to the filing of this Complaint through the present and

8 ongoing (hereinafter "Class Members"). All such Class Members were subject to Defendants'

9 unlawful policies including, Defendants' failure to pay overtime wages at the proper rate,

10 Defendants' failure to provide compliant meal and rest periods, Defendants' failure to issue

11 compliant wage statements, Defendants' failure to pay final wages, and Defendants' failure to pay

12 timely wages.

13 35.     This action has been brought and may properly be maintained as a class action

14 under Federal Rule of Civil Procedure 23 because all elements of Rule 23(a) and (b)(3) are

15 satisfied here:

16     a.     Numerosity: The potential members of the Class as defined are so numerous

17 that joinder of all the members of the Class is impracticable. While the precise number of Class

18 Members has not been determined at this time, Plaintiff is informed and believes that Defendants

19 have employed several hundred Class Members as non-exempt, hourly-paid workers in California

20 who were subject to Defendants' unlawful compensation, wage statement, final pay, and meal and

21 rest period policies. The Class Members are dispersed throughout California. Joinder of all

22 members of the proposed classes is therefore not practicable.

23     b.     Commonality: There are questions of law and fact common to Plaintiff and

24 the Class that predominate over any questions affecting only individual members of the Class.

25 These common questions of law and fact include, without limitation:

26     i.     Whether Defendants violated section 510 of the Labor Code by failing to

27 pay overtime wages at the proper rate;

28     ii.     Whether Defendants violated Labor Code sections 226.7 and 512 and

Section 11 of IWC Wage Order No. 4 by failing to provide timely, duty-free meal periods to Plaintiff and the members of the Class in California during the Class Period;

iii.    Whether Defendants violated Labor Code section 226.7 by failing to provide one hour of premium pay to each member of the Class for each day that a timely, duty-free meal period was not provided in California during the Class Period;

iv.    Whether Defendants violated Labor Code section 226.7 and Section 12 of IWC Wage Order No. 4 by failing to provide timely, duty-free rest periods to Plaintiff and the members of the Class in California during the Class Period;

v.    Whether Defendants violated Labor Code section 226.7 by failing to provide one hour of premium pay to each member of the Class for each day that a timely, duty-free rest period was not provided in California during the Class Period;

vi.    Whether Defendants failed to provide Plaintiff and the members of the Class compliant wage statements in violation of Labor Code Section 226(a);

vii.    Whether Defendants violated Sections 201-203 of the Labor Code by failing to pay all final wages to members of the Class whose employment with Defendants ended;

viii.    Whether Defendants violated Sections 204 and 210 of the Labor Code by failing to pay member of the Class all wages due on a timely basis;

ix.    Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide Plaintiff and the members of the Class with all overtime wages owed during the Class Period;

x.    Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide Plaintiff and the members of the Class with timely, duty-free meal breaks during the Class Period;

xi.    Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide Plaintiff and members of the Class with meal period premiums for each day they were not provided a compliant meal break;

xii.    Whether Defendants engaged in an unfair practice and violated section

17200 of the California Business and Professions Code by failing to provide Plaintiff and the members of the Class with timely, duty-free rest breaks during the Class Period;

        xiii.    Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide Plaintiff and members of the Class with rest period premiums for each day they were not provided a compliant rest break;

        xiv.    Whether Plaintiff and the Class are entitled to restitution under Business and Professions Code § 17200;

        xv.    The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class Members;

        xvi.    The nature and extent of class-wide damages.

        a.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. Both Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein, in similar ways and for the same types of unpaid wages.

        b.    <u>Adequacy of Representation</u>: Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class and Class Members. Plaintiff's interests do not conflict with those of Class and Class Members. Counsel who represent Plaintiff are competent and experienced in litigating large wage and hour class actions and will devote sufficient time and resources to the case and otherwise adequately represent the Class and Class Members.

        c.    <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged or may be damaged in the future by reason of Defendants' unlawful policies and/or practices. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and

full disgorgement of the ill-gotten gains Defendants have enjoyed by failing to pay all wages due and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendants', due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**[Cal. Labor Code § 510]**
**On behalf of Plaintiff and the Class**
**(Rule 23 Class Action Claim)**

36.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraph.

37.     Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. Further, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a day or more than eight (8) hours on the seventh consecutive day of work.

38.     Labor Code § 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

39.     Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

40.     Plaintiff and the Class worked over eight hours per day and were not paid overtime

wages at the proper rate due to the exclusion of "bonus" in the calculation of the regular rate for purposes of overtime. *See* 29 U.S.C. § 207(e) ("the 'regular rate' at which an employee is employed shall be deemed to include all renumeration for employment paid to…the employee"); *see also*, 29 CFR 778.110 and 778.111; and DLSE Manual §§ 49.1.2.1, 35.4.3, 35.4.4, and 35.7[1].

41.    Similarly, under the FLSA and the California Labor Code, courts have held that regularly-paid bonuses must be included in determining an employee's "regular rate of pay" for purposes of calculating overtime. *See, Walling v. Harnischfeger Corp.*, 325 U.S. 427, 431-432 (1945) (U.S. Supreme Court reversed the court of appeals and upheld the trial court's grant of summary judgment for the plaintiffs on their claim that incentive bonuses were improperly excluded from the "regular rate" for FLSA overtime calculations); *Haber v. The Americana Corp.*, 378 F.2d 854, 855-856 (9th Cir. 1967), cert. denied, 389 U.S. 914 (1967) (holding that regularly paid efficiency bonuses must be included in calculating the "regular rate" of employees for purposes of computing overtime payments under the FLSA); *Wang v. Chinese Daily News, Inc.*,

_____

[1] Section 49.1.2 of the DLSE Manual states: "In not defining the term 'regular rate of pay', the Industrial Welfare Commission has manifested its intent to adopt the definition of 'regular rate of pay' set out in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(e): 'the regular rate of pay at which an employee is employed shall be deemed to include all remuneration for employment paid to ... the employee." The DLSE Manual continues: "In determining what payments are to be included in or excluded from the calculation of the regular rate of pay, California law adheres to the standards adopted by the U.S. Department of Labor to the extent those standards are consistent with California law." The DOL has interpreted § 207(e) to include piece rate and production bonuses in determining the regular rate of pay. *See*, 29 CFR 778.110 and 778.111; *see, also*, DLSE Manual, 49.1.2.1. In addition, under California law, "the regular payment of a bonus in past years may ripen into an implied contract for compensation in the absence of a specific contract," thereby making the bonus payments non-discretionary. *See*, DLSE Manual, § 35.4.3 (citing *DLSE v. Transpacific Co.*, 88 Cal.App.3d 823 (1979). The DLSE Manual therefore takes the position that, under California law, regularly-paid, non-discretionary bonuses must be included in the employee's "regular rate of compensation". *See*, DLSE Enforcement Manual, § 35.7 ("When calculating the regular rate of pay for purposes of overtime calculation under the IWC Orders, non-discretionary bonuses must be calculated into the formula."); DLSE Enforcement Manual, § 35.4.4 ("bonuses which are completely discretionary, based on no objective criteria and are not routine, would not, of course, give rise to an implied bonus contract."); DLSE Opinion Letter, dated March 6, 1991 ("Bonus payments which are discretionary or payments in the nature of gifts on special occasions ... are not to be considered as part of the "regular rate of pay" for purposes of determining overtime compensation.").

435 F.Supp. 2d 1042, 1055-1057 (C.D. Cal. 2006) (granting summary judgment to plaintiffs under California and federal law on the grounds, inter alia, that defendant improperly calculated overtime by excluding annual bonuses paid to employees from the "regular rate of compensation"); *Walling v. Richmond Screw Anchor Co.*, 154 F.2d 780, 784 (2nd Cir.1946). Defendants additionally violated Labor Code § 510 by failing to pay Plaintiff and the Class their overtime wages at the proper rate.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
### [FLSA, 29 U.S.C. §§ 207, 211€, 216(b)]
### (Section 216(b) Collective Action Claim)

42.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

43.    Section 207(a)(1) of the FLSA provides: Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

44.    Under the FLSA, 29 U.S.C. § 207, Defendants were and are obligated to compensate Plaintiff and similarly situated employees in California for all hours worked in excess of 40 hours in a week. Overtime compensation must be paid at a rate not less than one and one-half times the regular rate of pay.

45.    During the relevant time period, Plaintiff and similarly situated employees in California were regularly permitted, encouraged, and/or required to work in excess of forty hours per week, but were not paid all such overtime work at the legally-required overtime rate of 1.5 times their regular rate of pay because Defendants failed to include "bonuses" in the calculation of the regular rate. *See* 29 U.S.C. § 207(e) and DLSE Manual provisions cited in Paragraph 40 and footnote 1, above.

46.    During the relevant time period, Plaintiff and similarly situated current and former

employees in California were non-exempt for purposes of the overtime requirements set forth in the FLSA. In addition, during the relevant time period, which is the past three years (for a willful violation), Plaintiff and other similarly situated employees in California consistently worked more than 40 hours per week.

47.    By failing to pay correctly overtime compensation due to Plaintiff and similarly situated employees in California, Defendants willfully and knowingly violated the provisions of the FLSA which require overtime compensation to non-exempt employees at 1.5 times their regular rate of pay. Accordingly, the three-year statute of limitations applicable to willful violations of the FLSA applies here.

48.    As a result of Defendants' policy and practice of withholding overtime compensation at the rate of 1.5 times the regular rate of pay, Plaintiff and similarly situated employees have been damaged.

49.    As a result of the unlawful acts of Defendants, Plaintiff and all similarly situated employees have been deprived of overtime compensation due to them in the amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages (or, alternatively, interest), attorneys' fees and costs, and other compensation, pursuant to 29 U.S.C. § 216(b). Plaintiff and other persons employed or formerly employed by Defendants as employees who may opt into this collective action pursuant to 29 U.S.C. § 216(b) request relief as described below.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE COMPLIANT MEAL PERIODS
**[Cal. Labor Code §§ 226.7, 512; IWC Wage Order 4-2001, section 11]**
**On behalf of Plaintiff and the Class**
**(Rule 23 Class Action Claim)**

50.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraph.

51.    Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

52.     Section 512(a) of the California Labor Code provides, in relevant part, that: An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30-minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30-minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

53.     Here, Plaintiff and the Class were consistently prevented from able to taking compliant meal periods. Defendant's facilities were often understaffed forcing Plaintiff and the Class to not take their meal periods. Additionally, time pressures prevented Plaintiff and the Class from taking compliant meal periods and meal periods were often interrupted and/or less than thirty minutes.

54.     As a result, for each day on which Plaintiff and other Class members were not provided a compliant meal break, Plaintiff and the Class Members are entitled to recover one hour of premium pay pursuant to Labor Code section 226.7 and Section 11 of the IWC Wage Order.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE COMPLIANT REST PERIODS**
**[Cal. Labor Code § 226.7; IWC Wage Order 4-2001, section 12]**
**On behalf of Plaintiff and the Class**
**(Rule 23 Class Action Claim)**

55.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

56.     Under California law, employees are entitled to ten-minute duty-free rest breaks for each 4 hours of work, or major fraction thereof. See the applicable IWC Wage Order, Section 12 and Labor Code section 226.7. Under Labor Code § 226.7, if an employer maintains a uniform policy that does not authorize and permit the amount of rest time or the proper timing for rest breaks called for under the law (as specified in the applicable Wage Order), "it has violated the

wage order and is liable." The *Brinker* Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required—***it has violated the wage order and is liable.***

(*Brinker Rest. Corp. v. Sup. Ct.* (2012) 53 Cal.4th 1004, 1033.) [emphasis added].

57.     Here, Plaintiff and the Class were not provided their timely ten-minute duty-free rest periods. Defendant's facilities were understaffed forcing Plaintiff and the Class to not take their timely rest breaks.

58.     As a result, for each day on which Plaintiff and other Class members were not provided a compliant rest break, Plaintiff and the Class Members are entitled to recover one hour of premium pay pursuant to Labor Code section 226.7 and Section 12 of the IWC Wage Order.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS**
**[Cal. Labor Code § 226(a) and (e)]**
**On behalf of Plaintiff and the Wage Statement and Penalty Subclass**
**(Rule 23 Class Action Claim)**

59.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

60.     The actionable period for this cause of action is one year prior to the filing of this Complaint through the present, and on-going until the violations are corrected or the subclass is certified. The members of the Class who worked for Defendants during the actionable period for this cause of action constitute the Wage Statement and Penalty Subclass.

61.     Section 226(a) of the California Labor Code provides, in relevant part:

> Every employer shall…furnish each of his or her employees…an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all -deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

62.    Defendants knowingly and intentionally failed to pay Plaintiff and all Wage Statement Subclass Members all overtime wages at the proper rate as well as meal and rest period premiums for missed and/or non-compliant meal and rest periods. Moreover, Plaintiff and all Wage Statement Subclass Members also suffered legal "injury" for purposes of Labor Code section 226(e) insofar as they were unable to readily and easily determine the information required to be set forth by Section 226(a). Specifically, Plaintiff and the Wage Statement Subclass Members were unable to determine the actual and accurate total hours worked by the employees, the gross wages earned, the net wages earned, since overtime wages were often not paid at the proper rate and meal and rest period premiums were not paid for missed and/or non-compliant meal and rest periods.

63.    Defendants' violation of Labor Code § 226 was knowing and intentional. *See Garnett v. ADT LLC* 139 F. Supp. 3d 1121, 1131 (E.D. Cal. Oct. 6, 2015) (finding that the defendant knowingly and intentionally violated Labor Code § 226 because the "[d]efendant knew that it was not providing total hours worked to plaintiff or other employees paid on commission" even though it believed that employees paid solely on commission or commission and salary "are exempt and therefore we do not record hours on a wage statement").

64.    As a result of Defendants' failure to issue compliant wage statements to Plaintiff and the Wage Statement Subclass Members (i.e., those members of the class who were employed by Defendants during the actionable period for this cause of action) in violation of section 226(a) of the California Labor Code, Plaintiff and the Wage Statement Subclass Members are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the wage statement subclass from Defendants pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**
**WAITING TIME PENALTIES**
**[Cal. Labor Code §§ 201-203]**
**On behalf of Plaintiff and the Late Wages Subclass**
**(Rule 23 Class Action Claim)**

65.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

66.     The actionable period for this cause of action is three years prior to the filing of the Complaint through the present, and on-going until the violations are corrected or the Class is certified.

67.     Under Labor Code §§ 201-202, an employer must provide an employee wages at the time or discharge or within up to seventy-two (72) hours of their resignation. Labor Code § 203 provides "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty. . ." for up to 30 days. Lab. Code § 203; *Mamika v. Barca*, (1998) 68 Cal.App.4th 487, 492.

68.     As described in detail above, Defendants failed to pay Plaintiff and Class Members whose employment with Defendants has now ended, hereinafter the "Late Wages Subclass," all overtime wages owed at the proper rate, as well as meal and rest period premiums for missed and/or non-compliant meal and rest periods, within the time constraints proscribed in Labor Code §§ 201-202 at the time of their termination/separation. Thus, as result of Defendants' faulty policies described above, Plaintiff and all Class Members left their employment with Defendants without being compensated for each and every hour worked at the appropriate rate in violation of Labor Code §§ 201, 202, 203, thus triggering 30 days of wage claims for each former employee.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES ON A TIMELY BASIS**
**[Cal. Labor Code §§ 204, 210]**
**On behalf of Plaintiff and the Penalty Subclass**
**(Rule 23 Class Action Claim)**

69.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

70.     Labor Code § 204 expressly requires that "[a]ll wages…earned by any person in

1    any employment are due and payable twice during each calendar month, on days designated in

2    advance by the employer as the regular paydays." Pursuant to Labor Code § 204(d), these

3    requirements are deemed satisfied by the payment of wages for weekly, biweekly or semimonthly

4    payroll if the wages are paid not more than seven calendar days after the end of the pay period.

5        71.    Due to Defendants' failure to pay Plaintiff and the Class Members for overtime

6    wages at the proper rate, as well as Defendants' failure to pay meal and rest period premiums for

7    missed and/or non-compliant meal and rest periods, Defendants violated Labor Code § 204 by

8    failing to pay all wages due within seven (7) days of the close of the payroll period on a regular

9    and consistent basis. *See Parson v. Golden State FC, LLC,* 2016 U.S. Dist. LEXIS 58299, 2016

10   WL 1734010, at *3-5 (N.D. Cal. May 2, 2016) (finding after *Ling* that a failure to pay rest period

11   premiums can support claims under Labor Code §§ 203 and 204).

12       72.    Labor Code § 210 provides that "in addition to, an entirely independent and apart

13   from, any other penalty provided in this article, every person who fails to pay the wages of each

14   employee as provided in Sections…204…shall be subject to a civil penalty as follows: (1) For any

15   initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each

16   subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each

17   failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result of the

18   faulty compensation policies and practices described in detail above, Plaintiff and the members of

19   the Class who worked for Defendant within the last year, i.e., the Penalty Subclass, are entitled to

20   recover penalties under Labor Code § 210.

21

**EIGHTH CAUSE OF ACTION**
**UNFAIR COMPETITION LAW VIOLATIONS**
**(BUS. & PROF. CODE § 17200, ET SEQ.)**
**On Behalf of Plaintiff and the Class**

22

23

24       73.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

25   in the preceding paragraphs.

26       74.    Section 17200 of the California Business & Professions Code prohibits any

27   unlawful, unfair, or fraudulent business practices. Business & Professions Code § 17204 allows

28   "any person who has suffered injury in fact and has lost money or property" to prosecute a civil

1    action for violation of the UCL. Such a person may bring such an action on behalf of herself and

2    others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

3         75.    Under section 17208 of the California Business and Professions Code, the statute of

4    limitations for a claim under Section 17200 is four years. Accordingly, the actionable period for

5    this cause of action is four years prior to the filing of this Complaint through the present, and on-

6    going until the violations are corrected or the Class is certified.

7         76.    Section 90.5(a) of the Labor Code states that it is the public policy of California to

8    enforce vigorously minimum labor standards in order to ensure employees are not required to work

9    under substandard and unlawful conditions, and to protect employers who comply with the law

10   from those who attempt to gain competitive advantage at the expense of their workers by failing to

11   comply with minimum labor standards.

12        77.    As a direct and proximate result of Defendants' unlawful business practices,

13   Plaintiff and the Class Members have suffered economic injuries. Defendants have profited from

14   its unlawful, unfair, and/or fraudulent acts and practices.

15        78.    Plaintiff and similarly situated Class Members are entitled to monetary relief

16   pursuant to Business & Professions Code §§ 17203 and 17208 for all overtime wages due at the

17   proper rate, unpaid meal and rest period premiums, and interest on the underpaid overtime from at

18   least four years prior to the filing of this complaint through to the date of such restitution, at rates

19   specified by law. Defendants should be required to disgorge all the profits and gains it has reaped

20   and restore such profits and gains to Plaintiff and Class Members, from whom they were

21   unlawfully taken.

22        79.    Through its actions alleged herein, Defendants have engaged in unfair competition

23   within the meaning of section 17200 of the California Business & Professions Code, because

24   Defendants' conduct, as herein alleged has damaged Plaintiff and the Class Members by

25   wrongfully denying them overtime wages at the proper rate, as well as meal and rest period

26   premiums, and therefore was substantially injurious to Plaintiff and the Class Members.

27        80.    Defendants engaged in unfair competition in violation of sections 17200 et seq. of

28   the California Business & Professions Code by violating Sections 512, 510, and 1194 of the

California Labor Code.

81.     Defendants' course of conduct, act and practice in violation of the California laws mentioned above constitute independent violations of sections 17200 et seq. of the California Business and Professions Code.

82.     Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

83.     Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of themselves and other similarly situated Class Members previously or presently employed by Defendants in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5.

### NINTH CAUSE OF ACTION
**LABOR CODE PRIVATE ATTORNEY GENERAL ACT**
**PAGA PENALTIES FOR LABOR CODE VIOLATIONS**
**(Labor Code §§ 2698-2699.5)**
**On Behalf of Plaintiff, the LWDA and the PAGA Covered Employees**

84.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

85.     Plaintiff and the "Aggrieved Employees" under PAGA, i.e., those employees who, during the PAGA Period, suffered the Labor Code violations alleged herein; specifically, violations of §§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, and 512 of the Labor Code bring claims under PAGA. Plaintiff was employed by Defendants during the one year preceding the submission of a PAGA letter to the LDWA on or around April 29, 2022. As such, she seeks to recover, on behalf of herself and all other current and former aggrieved employees of Defendants, the civil penalties provided by PAGA, for the PAGA Period from April 29, 2021 to the present.

86.     Under Labor Code §§ 2699(f)(2) and 2699.5, for each such violation, Plaintiff and all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

1    $100 for the initial violation per employee per pay period; and

2    $200 for each subsequent violation per employee per pay period.

3    These penalties will be allocated 75% to the Labor Workforce Development Agency and 25% to

4    the affected employees.

5    87.    The aggrieved employees are Plaintiff and all other California residents who are or

6    were employed by Defendants and who worked at least one pay period in California during the

7    PAGA Period. These employees were subject to the aforementioned Labor Code violations, during

8    the period of time from one year prior to the submission of Plaintiff's letter to the LDWA on April

9    29, 2022 through the present and on-going, i.e., from April 29, 2021 to the present.

10    88.    Further, Plaintiff, and the Aggrieved Employees, need not demonstrate or prove that

11    Defendants' conduct in refusing to provide itemized wage statements was knowing, intentional, or

12    willful. *Lopez v. Friant & Assocs., LLC*, cited above; *see also Willner v. Manpower Inc.* 35 F.

13    Supp. 3d 1116, 1136 (N.D. Cal. 2014) (To obtain judgment on a PAGA claim, "all [plaintiff]

14    needs to establish is a violation of section 226(a), which she has done, as discussed above.");

15    *McKenzie v. Fed. Exp. Corp.* 765 F.Supp.2d 1222, 1232 (C.D. Cal. 2011) (holding that "for the

16    purposes of recovering PAGA penalties, one need only prove a violation of Section 226(a), and

17    need not establish a Section 226(e) injury."); *Aguirre v. Genesis Logistics*, 2013 U.S. Dist. LEXIS

18    189815, at *28 (C.D. Cal. July 3, 2013) ("Plaintiff do not need to establish a Cal. Lab. Code §

19    226(e) injury to recover penalties under § 2699(f) of PAGA.").

20    89.    Plaintiff seeks to recover the PAGA civil penalties through a representative action

21    as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009), 46

22    Cal.4th 969. Therefore, class certification hereby of the PAGA claims is not required. *Id.*,

23    90.    Pursuant to Labor Code § 2699.3 (a), on April 29, 2022, Plaintiff gave written

24    notice by certified mail to Defendants, and to the Labor and Workforce Development Agency

25    ("LWDA") of her claims, including the facts and theories supporting all claims outlined in this

26    Complaint. Accordingly, Plaintiff has fulfilled all administrative prerequisites to the pursuit of her

27    PAGA claim on behalf of herself and all other current and former aggrieved employees of

28    Defendants.

**JURY DEMAND**

91.    Plaintiff hereby demands trial by jury of her and the Class' claims against Defendants, except for the PAGA and UCL claims which will be tried to the Court.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of herself and the members of the Class, the FLSA similarly situated employees, and the LWDA and the Aggrieved Employees, prays for judgment against Defendants as follows:

1.    An Order than this action may proceed and be maintained as a class action;

2.    On the First Cause of Action:

a.    A declaratory judgement that Defendants violated Labor Code § 510 in failing to pay Plaintiff and the Class all overtime wages due at the proper rate;

b.    An award to Plaintiff and the other members of the Class in the amount of their unpaid overtime wages owed, plus interest and/or liquidated damages during the Class Period, as well as attorneys' fees under Labor Code section 1194;

3.    On the Second Cause of Action:

a.    Authorization to issue notice pursuant to 29 U.S.C. § 216(b) at the earliest possible time to all current and former employees of Defendants at any time during the three years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked in excess of forty hours in a week during the past three years, but were not paid overtime at the proper rate as required by the FLSA;

b.    A declaratory judgment that Defendants have violated the overtime provision of the FLSA, 29 U.S.C. § 207, as to the Plaintiff and similarly situated persons who opt into this action;

c.    A declaratory judgment that Defendants' violations of the FLSA were willful;

d.    An award to Plaintiff and other similarly situated persons who opt into this action of damages in the amount of unpaid overtime compensation to be proven at trial, pursuant to

the FLSA;

        e.     An award to Plaintiff and other similarly situated persons who opt into this action of liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b); or, if liquidated damages are not awarded, then in the alternative, prejudgment interest;

        f.     An award to Plaintiff and other similarly situated persons who opt into the action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b);

    4.    <u>On the Third Cause of Action</u>:

        a.     A declaratory judgment that Defendants violated California Labor Code §§ 226.7, 512 and Section 11 of IWC Wage Order 4-2001;

        b.     Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the Class Members for an hour of pay for each day that a timely, duty-free meal period was not provided during the Class Period;

    5.    <u>On the Fourth Cause of Action</u>:

        a.     A declaratory judgment that Defendants violated California Labor Code § 226.7 and Section 12 of IWC Wage Order 4-2001;

        b.     Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the Class Members for an hour of pay for each day that a timely, duty-free rest period was not provided during the Class Period;

    6.    <u>On the Fifth Cause of Action</u>:

        a.     A declaratory judgment that Defendants violated California Labor Code §226 by failing to issue compliant wage statements to Plaintiff and the wage statement subclass members;

        b.     An award to Plaintiff and Wage Statement Subclass Members of $50 for each initial pay period in which a violation of Section 226 occurred and $100 for each subsequent pay period in which a violation of Section 226 occurred, not to exceed $4,000 for each member of the Class, as well as an award of costs and reasonable attorney's fees, pursuant to Labor Code § 226(e).

7.    On the Sixth Cause of Action:

      a.    A declaratory judgment that Defendants have violated California Labor Code sections 201-203 in failing to pay Plaintiff and the Class all final wages due;

      b.    An award to Plaintiff and the other members of the Class whose employment with Defendants ended in the amount 30 days wages under Labor Code sections 201-203;

8.    On the Seventh Cause of Action:

      a.    A declaratory judgment that Defendants violated California Labor Code §§ 204 and 210;

      b.    Pursuant to Labor Code §§ 204 and 210, an award to Plaintiff and the Late Wage Subclass for penalties pursuant to Labor Code § 210.

9.    On the Eighth Cause of Action:

      a.    That the Court find and declare that Defendants have violated the UCL and committed unfair and unlawful business practices by failing to pay overtime wages at the proper rate as well as meal and rest period premiums to Plaintiff and the Class;

      b.    Restitution, including, but not limited to, the relief permitted by sections 510, 512, and 1194 of the California Labor Code (i.e., unpaid overtime wages and meal and rest period premiums owed to Plaintiff and the members of the Class during the Class Period).

10.    On the Ninth Cause of Action:

      a.    A civil penalty against Defendants in the amount of $100 for the initial violations and $200 for each subsequent violation as specified in section 2699(f)(2) of the California Labor Code for Plaintiff and the Aggrieved Employees during all of the pay periods in the one year preceding the submission of Plaintiff's LWDA letter through the present and on-going until the violations are corrected or this subclass is certified;

      b.    An award of reasonable attorney's fees against Defendants as specified in Labor Code § 2699(g)(1), for all the work performed by the undersigned counsel in connection with the PAGA claims;

      c.    An award of all costs incurred by the undersigned counsel for Plaintiff in

connection with Plaintiff's and Class Members' PAGA claim against Defendants, as provided for in Labor Code § 2699(g)(1).

11. All other relief as this Court deems proper.


Dated: August 18, 2022                    Respectfully submitted,

                                          ACKERMANN & TILAJEF, P.C.
                                          WINSTON LAW GROUP, P.C.


                              By:    */s/Craig J. Ackermann*
                                     Craig Ackermann, Esq.
                                     David Winston, Esq.
                                     *Counsel for Plaintiff, the Putative Class, the*
                                     *LWDA, and the Aggrieved Employees*